**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT 1 5 2003

DAVID J. MALAND, CLERK
BY
DEPUTY _Jaya McEwen_

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| NANCY FRANKLIN, | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | Civil Action No.  4:03-cv-00334 |
| | § | |
| **AUTONATION USA CORPORATION** | § | |
| **and BANKSTON FORD OF FRISCO** | § | |
| **LTD., CO.,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' MOTIONS TO COMPEL
## ARBITRATION AND TO STAY PROCEEDINGS

Defendants, AUTONATION USA CORPORATION ("Autonation"), and BANKSTON

FORD OF FRISCO, LTD., CO. ("Bankston Ford"), file this their Motions to Compel Arbitration and

to Stay Proceedings, and would respectfully show the Court as follows:

## I.
## INTRODUCTION

Plaintiff asserts a contract and overtime wage claim under the FLSA against Defendants.

Plaintiff is contractually prohibited from pursuing her claim in this forum because Plaintiff's claim

is subject to a binding arbitration agreement executed by Plaintiff.  Accordingly, Defendants file this

Motion To Compel Arbitration and request that the Court stay Plaintiff's lawsuit and enter an order

compelling Plaintiff to submit her claim to arbitration.[1]

---

[1] In fact, the Parties have already begun the arbitration process by referring the claim to JAMS (JAMS reference No. 1310014034) and selecting an arbitrator.  See Exhibit A.

**DEFENDANTS' MOTION TO COMPEL**
**ARBITRATION AND TO STAY PROCEEDINGS – PAGE 1**

## II.
## MOTION TO COMPEL

The Federal Arbitration Act ("FAA") makes arbitration agreements in most contracts enforceable. *See* 9 U.S.C. § 2. "Arbitration is a matter of contract between the parties, and a court cannot compel a party to arbitrate the dispute unless the court determines the parties agreed to arbitrate the dispute in question."[2] To determine whether parties have agreed to arbitrate a dispute, courts must determine two things: (1) whether a valid agreement to arbitrate exists between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement.[3] In making these determinations, the Fifth Circuit instructs that courts "must bear in the mind the strong federal policy favoring arbitration and resolve any ambiguity as to the availability of arbitration in favor of arbitration."[4] In this case, both of the requirements identified by the Fifth Circuit are met as to the named plaintiff. Therefore, Defendants are entitled to an order compelling Plaintiff's claim to arbitration.

A.      **Plaintiff's Agreement to Arbitrate Disputes**

The Arbitration Agreement executed by the Plaintiff provides, in part, as follows:

### ARBITRATION AGREEMENT

**Arbitration of Disputes.**   Both Employee and the Dealership acknowledge that the Dealership promotes a system of alternative dispute resolution that involves binding arbitration to resolve all dispute that may arise out the employment context. Because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both the Dealership and Employee, both the

---

[2] *AT&T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 106 S.Ct. 1415 (1986).

[3] *PaineWebber, Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453 (5th Cir. 2001); *Pennzoil Exploration and Production Co. v. Ramco Energy, Ltd.*, 139 F.3d 1061 (5th Cir. 1998). Although not explicitly stated in these two 5th Circuit decisions, Section 2 of the FAA also requires that the contract at issue evidence a transaction involving interstate commerce. That additional requirement is not in dispute in this case because Plaintiff has alleged in paragraphs 8 and 9 that Plaintiff and Defendants are engaged in interstate commerce.

[4] *PaineWebber*, 260 F.3d at 462, citing *Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 676 (5th Cir. 1999).

Dealership and Employee agree that any claim, dispute, and/or controversy . . . that either the Employee or the Dealership . . . may have against the other shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the Texas Civil Practices and Remedies Code §§ 171.001-171.098. This specifically includes any claim, dispute, or controversy, including class action claims, which would otherwise require or allow resort to any court or other governmental dispute resolution forum arising from, related to, or having any relationship or connection whatsoever with Employee's seeking employment with, employment to, termination of employment, or other association with the Dealership, whether based in tort, contract, statutory, or equitable law, or otherwise.

* * *

**Waiver of Jury Trial.   EMPLOYEE AND DEALERSHIP UNDERSTAND THAT BY VOLUNTARILY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH GIVE UP THEIR RIGHT TO TRIAL BY JURY OF ANY CLAIM EITHER MAY HAVE AGAINST EACH OTHER.**

* * *

Plaintiff executed an Arbitration Agreement with Defendants. A true and correct copy of this agreements is attached to the Motion as Exhibit B. The first paragraph of the arbitration agreement provides that the term "Dealership" includes "without limitation any and all parent, subsidiary or affiliated entities, and all of the respective owners, directors, officers, managers (both direct and indirect)." Therefore, the Arbitration Agreement encompasses the claim asserted against Bankston Ford and Autonation.

Furthermore, the arbitration agreement specifically covers "all disputes that may arise out of the employment context . . . including class action claims . . . " which necessarily includes the Plaintiff's FLSA wage claim and her collective action. Plaintiff's FLSA claim clearly falls within the scope of the arbitration agreement between Plaintiff and Defendants. Under Section 2 of the FAA, Plaintiff is bound by this arbitration agreement.

### B.   Elements of the Federal Arbitration Act Met.

To determine whether a particular dispute is subject to arbitration under the FAA, the Court must examine whether: (i) a written agreement to arbitrate exists, (ii) the agreement covers the dispute at issue, and (iii) the agreement involves interstate commerce.  9 U.S.C. § 2.

Each of the above requirements is met in this case.  First, there is a written agreement providing for binding arbitration.  *See* Arbitration Agreement attached as Exhibit B.  Second, the Agreement is broad enough to cover all of Plaintiff's claims against the Defendants, as the Agreement expressly provides that it is applicable to "any claims, dispute, or controversy ... arising from ... Employee's ... employment by ... The Dealership, whether based on tort, contract, statutory, or equitable law, or otherwise." *See* Exhibit B.  Third, the Agreement involves interstate commerce because the activity of auto sales facilitates commerce, thus satisfying the Federal Arbitration Act's "interstate commerce" requirement.

### C.   The Arbitration Agreement is Enforceable as to Plaintiff's FLSA Claim.

The Supreme Court, in its 1991 decision, *Gilmer v. Interstate/Johnson Lane Corporation*,[5] made it clear that an employee may be compelled under the FAA to arbitrate a statutory claim pursuant to an arbitration agreement.[6] This ruling was based on the "liberal federal policy favoring arbitration agreements."[7]  The *Gilmer* court went on to note that the employee bears the burden to show that Congress intended to preclude a waiver of a judicial forum for the statutory claim in question.[8]  After finding that the employee, Gilmer, had failed to meet his burden to show that

---

[5] 500 U.S. 20, 111 S.Ct. 1647

[6] *Id.*

[7] *Gilmer*, 500 U.S. at 24, quoting *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983).

[8] *Id.* at 26.

Congress intended to preclude arbitration of claims under the Age Discrimination in Employment Act ("ADEA"), the Supreme Court then affirmed the Fourth Circuit's decision that Gilmer could be compelled to arbitrate his ADEA claims pursuant to an arbitration agreement.[9]

In *Circuit City Stores, Inc. v. Adams*,[10] the Supreme Court reaffirmed its position that an employee's employment discrimination action can be compelled to arbitration under the FAA.[11] In *Circuit City Stores v. Adams*, the Supreme Court resolved a conflict between the Ninth Circuit and most of the other federal circuits by holding that only employment contracts of transportation workers were exempt from the FAA.[12] In its opinion, the Supreme Court reiterated its belief that arbitration agreements can be enforced under the FAA, even when an employee raises statutory claims of discrimination prohibited by state or federal law.[13]

Since *Gilmer*, the Fifth Circuit has ruled that arbitration agreements are enforceable under the FAA, and preclude judicial consideration of claims brought by employees under a variety of federal anti-discrimination statutes. For example, the Fifth Circuit has held that arbitration agreements contained in securities registration applications are enforceable under the FAA and has required that employees pursue claims under the ADEA and Title VII in arbitration.[14] More recently, the Fifth Circuit has relied on *Gilmer* to conclude that arbitration clauses contained in individual

---

[9]*Id.* at 35.

[10]532 U.S. 105, 121 S.Ct. 1302 (2001).

[11]*Id.*

[12]*Id.*

[13]*Id.*, at 1313.

[14]*Williams v. Cigna Fin. Advisers, Inc.*, 56 F.3d 656 (5th Cir. 1995) (ADEA); *Alford v. Dean Witter Reynolds, Inc.*, 939 F.2d 229 (5th Cir. 1991) (Title VII).

employment contracts require arbitration of claims under the Americans With Disabilities Act (ADA) and alleging sexual harassment in violation of Title VII.[15]

Although the Fifth Circuit has not had occasion to consider whether an employee's FLSA claims are subject to arbitration pursuant to an arbitration agreement executed by the employee,[16] both Fourth and the Ninth Circuits have addressed this issue. In both cases, the Circuit Courts found that the employee's FLSA claims were subject to arbitration.[17] In both *Atkins* and the *Kuehner* Appellate Courts reiterated that the employee bears the burden to show that Congress meant to preclude arbitration of FLSA claims.[18] In both these cases, the Courts then affirmed the District Court's decision to compel the Plaintiffs' FLSA claims to arbitration, after noting that the Plaintiffs had failed to show that anything in the text of the FLSA, or in its legislative history, indicated that Congress intended to preclude arbitration of FLSA claims.[19]

Although the Fifth Circuit has not addressed the arbitrability of FLSA claims, Judge Rosenthal of the United States District Court for the Southern District of Texas, Houston Division,

---

[15]*See Miller v. Public Storage Mgmt., Inc.*, 121 F.3d 215 (5th Cir. 1997) (affirming order compelling arbitration of a terminated employee's claims under the ADA and retaliation under the Texas Labor Code); *Rojas v. TK Communication, Inc.*, 87 F.3d 745 (5th Cir. 1996) (affirming district court's decision that an employee's Title VII sexual harassment claims are subject to compulsory arbitration).

[16]In *Bernard v. IBP, Inc. of Nebraska,* 154 F.3d 259 (5th Cir. 1998), the 5th Circuit did consider whether the plaintiffs' FLSA suit was preempted by the arbitration/grievance handling procedures in a collective bargaining agreement ("CBA"). However, the *Bernard* ruling is inapplicable to this Motion to Compel Arbitration.  The Supreme Court has made it clear that its *Barrentine,* 450 U.S. 728, 101 S.Ct. 1437 (1981),
decision (and by analogy, then, the *Bernard* decision, which is factually similar to *Barrentine* and specifically relied on *Barrentine* in reaching its holding), is inapplicable to the arbitrability of individually executed pre-dispute arbitration agreements covering federal statutory claims such as the FLSA claims presented in this case. In *Barrentine*, the Supreme Court ruled that an arbitration procedure in a collective-bargaining agreement (CBA) did not preclude a subsequent federal court action under the FLSA. *Barrentine*, 450 U.S. at 745.  In *Bernard*, the Fifth Circuit relied upon *Barrentine* in holding that a CBA did not preempt an FLSA claim in federal district court. *Bernard*, 154 F.3d at 263-64.

[17]*See Atkins v. Labor Ready, Inc.,* 303 F.3d 496 (4th Cir.. 2002);  *Kuehner v. Dickinson & Co.*, 84 F.3d 316 (9th Cir. 1996).

[18]*Kuehner*, at 319; *Atkins,* at 506.

[19]*Id.*

did so in a 1993 decision.[20]  In that opinion, Judge Rosenthal first rejected the employee's claim that the arbitration clause should not be enforced because the Plaintiffs' employment agreements were not the result of arms-length bargaining.  Rosenthal so ruled based on the long-standing and well established case law that attacks on the contract as a whole must be resolved in arbitration.[21]  Judge Rosenthal then relied on the Supreme Court's *Gilmer* decision to rule that "[t]he fact that plaintiffs' suit is based on the Fair Labor Standards Act does not preclude arbitration."[22]  Judge Rosenthal went on to note that the plaintiffs did not make a showing that Congress intended to preclude arbitration of FLSA claims, or that there is any inconsistency or conflict between arbitration and the FSLA's underlying purposes.  Accordingly, Rosenthal ruled that the arbitration agreements were enforceable as to plaintiffs' FLSA claims.[23]

Here, Plaintiff's FLSA claim is clearly within the scope of the express language of the Arbitration Agreement executed by the Plaintiff.  This Arbitration Agreement is enforceable as to Plaintiff's FLSA claim because Plaintiff cannot meet the burden to show that Congress intended to preclude a waiver of a judicial forum for FLSA claims.[24]  The Courts in *Kuehner*, *Atkins* and *Hampton* have already determined that Plaintiff cannot meet that burden because there is nothing in the text of the FLSA, or in its legislative history, to show that Congress intended to preclude arbitration of FLSA claims.[25]  Accordingly, this Court should enforce Plaintiff's arbitration agreement and compel Plaintiff's FLSA claim against Defendants to arbitration.

---

[20]*See Hampton v. ITT Corporation*, 829 F.Supp. 202 (S.D. Tex. 1993).

[21]*Hampton v. ITT Corp.* 829 F.Supp at 204 citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967).

[22]*Id.*

[23]*Id.*

[24]*See Gilmer, supra; Kuehner, supra; Atkins, supra.*

[25]*Kuehner, supra; Atkins, supra; Hampton, supra.*

**DEFENDANTS' MOTION TO COMPEL**
**ARBITRATION AND TO STAY PROCEEDINGS – PAGE 7**

## III.
## MOTION TO STAY PROCEEDINGS

FAA § 4 empowers this Court to enter an order compelling Plaintiff to submit her FLSA claim to arbitration in accordance with the arbitration agreement. In its order compelling Plaintiff's FLSA claim to arbitration, Defendants also request that the Court stay this suit based on language contained in the arbitrations agreements executed by the Plaintiff. In the Arbitration of Disputes section of the Arbitration Agreement, Plaintiff acknowledged that the "Dealership promotes a system of alternative dispute resolution that includes binding arbitration to resolve all disputes that may arise out of the employment context." Within that same section of the arbitration agreement, Plaintiff acknowledges that "any . . . claim . . . that the Employee or Dealership . . . may have against each other *shall be submitted to and determined exclusively by* binding arbitration" (emphasis added). Consequently, Plaintiff contractually agreed that "Claims," including claims for wages and other compensation, may only be pursued through arbitration pursuant to the FAA. Therefore, this Court should grant Defendants' Motion, compel Plaintiff's FLSA claim to arbitration, and this lawsuit should be stayed pursuant to FAA § 3, which requires courts to enter a stay of proceedings for any matter referable to arbitration.[26]

## VII.
## CONCLUSION

Defendants, AUTONATION USA CORPORATION and BANKSTON FORD OF FRISCO, LTD., CO., request that the Court enter an order:

(1)     compelling Plaintiff to submit her claim to arbitration;

(2)     staying further proceedings in this case; and

(3)     awarding Defendants such other and further relief to which they are justly entitled.

---

[26]*See* 9 U.S.C. § 3.

**DEFENDANTS' MOTION TO COMPEL**
**ARBITRATION AND TO STAY PROCEEDINGS – PAGE 8**

Respectfully submitted,

**GIBSON, McCLURE, WALLACE & DANIELS, L.L.P.**

By: _____

    Ruth Ann Daniels
    State Bar No. 15109200
    Aaron R. Ramirez
    State Bar No. 24027644

8080 N. Central Expressway
Suite 1300, LB 50
Dallas, Texas 75206-1838
TEL: (214) 891-8040
FAX: (214) 891-8010

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF CONFERENCE

    Counsel for movant conducted a conference with counsel for Plaintiff on August 25, 2003, at which there was a substantive discussion of the matters presented in the Motion to Compel Arbitration. Counsel for Plaintiff does not opposes the Motion to Stay.

_____
Aaron R. Ramirez

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of the foregoing document has been forwarded to counsel of record listed below, by certified mail, return receipt requested, this **14th** day of **October, 2003:**

    J. Derek Braziel
    David Lutz
    Edwards & George
    208 N. Market Street, Suite 400
    Dallas, TX 75202

_____
Aaron R. Ramirez



THE RESOLUTION EXPERTS

# MEMORANDUM

TO:     Mr. Aaron R. Ramirez Esq.
        Gibson, McClure, Wallace & Daniels
        8080 N. Central Expressway
        Suite 1300
        Dallas, TX 75206
        (214) 891-8010

FROM:   Judy Seale Peters
DATE:   October 6, 2003
RE:     **Disclosure Notice of Arbitrator**
        on Franklin, Nancy vs. Autonation USA Corporation and Bankston Ford of Frisco
Ltd., Co.

        JAMS Ref. No.: 1310014034

--------------------------------------------------------------------------------------------

This notice will serve to confirm that Cecilia Morgan will serve as the Arbitrator on the above referenced matter.

In accordance with disclosure requirements the following information is submitted. As of October 6, 2003, based on our knowledge as well as a good faith search of records available to JAMS personnel and, further based on the information supplied concerning the names of the parties and their counsel, we have found the cases on the attached report wherein Ms. Morgan has acted as arbitrator on prior or pending cases.

I remind you that you have 15 days from receipt of this letter in which to file your notice of disqualification.

If you should have any questions or desire to discuss the panelist's qualifications to act as arbitrator in this case please contact me at 213-253-9733 and I will arrange for a conference call immediately. Otherwise, I will be contacting all parties to schedule a Pre-Arbitration Conference Call with Ms. Morgan.

cc:     J. Derek Braziel Esq.
        David P. Lutz Esq.
        Ruth Ann Norton Daniels Esq.
        Cecilia H. Morgan Esq.


enclosure



EXHIBIT

A

Disclosure memo



THE RESOLUTION EXPERTS

**JAMS, Inc.**

**MKT016A** Generic Disclosure of Client Activity from 10/03/1998 through 10/03/2003. Panelist: Morgan, Cecilia H. [282]. Referring Judge: * none *. Insurance company employees and firms are included. All branches of counsel firms are included.

10/3/2003

399 - 310 Dallas 10/03/2003

Franklin, Nancy vs. Autonation USA Corporation and Bankston Ford of Frisco Ltd., Co.

- ## Claimant(s)

  Nancy Franklin

  * No Address Listed *

  Cases heard with Nancy Franklin                                      All Locations

  * no other case found *

- ## Counsel for Claimant

  David P. Lutz

  Edwards & George, LLP

  208 N. Market St.

  Suite 400

  Dallas, TX 75202

  Cases heard with David P. Lutz                                       All Locations

  * no other case found *

  J. Derek Braziel

  Edwards & George, LLP

  208 N. Market St.

  Suite 400

  Dallas, TX 75202

  Cases heard with J. Derek Braziel                                    All Locations

  * no other case found *

  Cases heard with Edwards & George, LLP                               All Locations

  Mediation *to be heard/pending*                         1

- ## Respondent(s)

  Autonation USA Corporation

  * No Address Listed *

The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.

1

**JAMS, Inc.**

---

**MKT016A** Generic Disclosure of Client Activity from 10/03/1998 through 10/03/2003. Panelist: Morgan, Cecilia H. [282]. Referring Judge: * none *. Insurance company employees and firms are included. All branches of counsel firms are included.

10/3/2003                                                    399 - 310  Dallas  10/03/2003

---

Franklin, Nancy vs. Autonation USA Corporation and Bankston Ford of Frisco Ltd., Co.

| | |
|---|---|
| Cases heard with Autonation USA Corporation | All Locations |
| * no other case found * | |
| Bankston Ford of Frisco, Ltd., Co. | |
| * No Address Listed * | |
| Cases heard with Bankston Ford of Frisco, Ltd., Co. | All Locations |
| * no other case found * | |

- ## Counsel for Respondent

| | | |
|---|---|---|
| Ruth Ann Norton Daniels | | |
| Gibson, McClure, Wallace & Daniels | | |
| 8080 N. Central Expressway | | |
| Suite 1300 | | |
| Dallas, TX 75206 | | |
| Cases heard with Ruth Ann Norton Daniels | | All Locations |
| Mediation *to be heard/pending* | 1 | |
| Cases heard with Gibson, McClure, Wallace & Daniels | | All Locations |
| Mediation *to be heard/pending* | 1 | |
| Aaron R. Ramirez | | |
| Gibson, McClure, Wallace & Daniels | | |
| 8080 N. Central Expressway | | |
| Suite 1300 | | |
| Dallas, TX 75206 | | |
| Cases heard with Aaron R. Ramirez | | All Locations |
| * no other case found * | | |

*The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.*

**JAMS, Inc.**

| | |
|---|---|
| MKT016C | Disclosure of Activity in Arbitration, Med-Arb, Court Reference, Discovery Master/Referee, Pro Tem/Private Judge, and Court Ordered/Mandatory Arbitration cases (hereafter referred to as "Relevant Cases") from 10/03/1998 through 10/03/2003. Panelist: Morgan, Cecilia H. [282]. Referring Judge: * none *. Insurance company employees and firms are included. All branches of counsel firms are included. |

10/3/2003                                                                                         399 - 310  Dallas  10/03/2003

---

Franklin, Nancy vs. Autonation USA Corporation and Bankston Ford of Frisco Ltd., Co.

---

- **Claimant(s)**

☐ Nancy Franklin
  * No Address Listed *

---

   ▪ Relevant Cases heard with Nancy Franklin                                                 ▪ All Locations
     * no Relevant Cases found *

- **Counsel for Claimant**

☐ David P. Lutz
  Edwards & George, LLP
  208 N. Market St.
  Suite 400
  Dallas, TX 75202

---

   ▪ Relevant Cases heard with David P. Lutz                                                 ▪ All Locations
     * no Relevant Cases found *

☐ J. Derek Braziel
  Edwards & George, LLP
  208 N. Market St.
  Suite 400
  Dallas, TX 75202

---

   ▪ Relevant Cases heard with J. Derek Braziel                                              ▪ All Locations
     * no Relevant Cases found *

---

   ▪ Relevant Cases heard with Edwards & George, LLP                                         ▪ All Locations
     * no Relevant Cases found *

- **Respondent(s)**

☐ Autonation USA Corporation
  * No Address Listed *

---

*The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.*

1

**JAMS, Inc.**

| MKT016C | Disclosure of Activity in Arbitration, Med-Arb, Court Reference, Discovery Master/Referee, Pro Tem/Private Judge, and Court Ordered/Mandatory Arbitration cases (hereafter referred to as "Relevant Cases") from 10/03/1998 through 10/03/2003. Panelist: Morgan, Cecilia H. [282]. Referring Judge: * none *. Insurance company employees and firms are included. All branches of counsel firms are included. |

10/3/2003

399 - 310  Dallas  10/03/2003

Franklin, Nancy vs. Autonation USA Corporation and Bankston Ford of Frisco Ltd., Co.

- ▪ Relevant Cases heard with Autonation USA Corporation
  * no Relevant Cases found *                                                                          ▪ All Locations

☐ Bankston Ford of Frisco, Ltd., Co.
  * No Address Listed *

- ▪ Relevant Cases heard with Bankston Ford of Frisco, Ltd., Co.
  * no Relevant Cases found *                                                                          ▪ All Locations

## • Counsel for Respondent

☐ Ruth Ann Norton Daniels
   Gibson, McClure, Wallace & Daniels
   8080 N. Central Expressway
   Suite 1300
   Dallas, TX 75206

- ▪ Relevant Cases heard with Ruth Ann Norton Daniels
  * no Relevant Cases found *                                                                          ▪ All Locations

- ▪ Relevant Cases heard with Gibson, McClure, Wallace & Daniels
  * no Relevant Cases found *                                                                          ▪ All Locations

☐ Aaron R. Ramirez
   Gibson, McClure, Wallace & Daniels
   8080 N. Central Expressway
   Suite 1300
   Dallas, TX 75206

- ▪ Relevant Cases heard with Aaron R. Ramirez
  * no Relevant Cases found *                                                                          ▪ All Locations

The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in on arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.

2

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 350 S. Figueroa St., Suite 990, Los Angeles, California, 90071.

On October 6, 2003, I served the attached **ARBITRATOR DISCLOSURE** on the interested parties in the within action entitled **Ref# 1310014034 - Franklin, Nancy vs. Autonation USA Corporation and Bankston Ford of Frisco Ltd., Co.** by placing the true copy(ies) thereof enclosed in a sealed envelope addressed as follows:

J. Derek Braziel Esq.
Edwards & George, LLP
208 N. Market St.
Suite 400
Dallas, TX 75202  USA
Tel: 214-749-1400
Fax: 214-749-1010

David P. Lutz Esq.
Edwards & George, LLP
208 N. Market St.
Suite 400
Dallas, TX 75202  USA
Tel: 214-749-1400
Fax: 214-749-1010

Ruth Ann Norton Daniels Esq.
Gibson, McClure, Wallace & Daniels
8080 N. Central Expressway
Suite 1300
Dallas, TX 75206
Tel: (214) 891-8040
Fax: (214) 891-8010

Aaron R. Ramirez Esq.
Gibson, McClure, Wallace & Daniels
8080 N. Central Expressway
Suite 1300
Dallas, TX 75206
Tel: (214) 891-8040
Fax: (214) 891-8010

[ X ]  BY U.S. MAIL      I deposited such an envelope in the mail at Los Angeles, California, with postage thereon fully prepaid.

[ X ]  BY FAX            I caused such documents to be faxed to the above-mentioned address(es).

[ ]  BY MESSENGER        I caused such envelope to be messengered to the above mentioned address(es).

[ ]  BY PERSONAL         I caused such envelope to be delivered by hand to the offices of the SERVICE address(es).

[ X ]  STATE             I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ]  FEDERAL             I declare that I am employed in the office  of a member of the bar of this Court whose  direction the service was made.

Executed on October 6, 2003 at Los Angeles, California.

Joselyn Bermudez

## ARBITRATION AGREEMENT

**Arbitration of Disputes.**   Both Employee and the Dealership acknowledge that the Dealership promotes a system of alternative dispute resolution that involves binding arbitration to resolve all disputes that may arise out of the employment context. Because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both the Dealership and Employee, both the Dealership and Employee agree that any claim, dispute, and/or controversy (including, but not limited to, any claims of discrimination and harassment, whether they be based on the Texas Commission on Human Rights Act, Title VII of the Civil Rights Act of 1964, as amended, as well as all other state or federal laws or regulations) that either the Employee or the Dealership (which Employee agrees includes without limitation any and all parent, subsidiary or affiliated entities, and all of the respective owners, directors, officers, managers (both direct and indirect), employees, and agents of the Dealership) may have against the other shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the Texas Civil Practice and Remedies Code §§ 171.001-171.098. This specifically includes any claim, dispute, or controversy, including class action claims, which would otherwise require or allow resort to any court or other governmental dispute resolution forum arising from, related to, or having any relationship or connection whatsoever with Employee's seeking employment with, employment by, termination of employment, or other association with the Dealership, whether based on tort, contract, statutory, or equitable law, or otherwise.

**Claims Excepted From Binding Arbitration.**   The sole exceptions to the mandatory arbitration provision are claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability benefits under Workers' Compensation, and Unemployment Compensation claims filed with the state. However, nothing herein shall prevent Employee from filing and pursuing administrative proceedings only before the U.S. Equal Employment Opportunity Commission or an equivalent state agency.

**Rules of Arbitration.**   In addition to requirements imposed by law, any arbitrator herein shall be a retired state or federal court judge, or other similarly qualified individual with arbitration experience as mutually agreed to by the parties, and shall be subject to disqualification on the same grounds as would apply to a judge of such court. The arbitrator shall observe the rules of procedure, evidence, and discovery applicable in civil cases pending in state or federal court, or such other procedural rules as the arbitrator shall designate, provided they allow the parties to prosecute or defend their respective claims and defenses. Resolution of the dispute shall be based solely upon the law governing the claims and defenses set forth in the pleadings, and the arbitrator may not invoke any basis (including but not limited to, notions of "just cause") other than such controlling law. The arbitrator shall have the immunity of a judicial officer from civil liability when acting in the capacity

EXHIBIT B

the capacity of an arbitrator, which immunity supplements any other existing immunity. Likewise, all communications during or in connection with the arbitration proceedings are privileged. As reasonably required to allow full use and benefit of this agreement, the arbitrator shall extend the times set for the giving of notices and setting of hearings. Decisions shall include the arbitrator's written reasoned opinion, and shall be final and binding upon the parties.

**Waiver of Jury Trial.** EMPLOYEE AND DEALERSHIP UNDERSTAND THAT BY VOLUNTARILY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH GIVE UP THEIR RIGHT TO TRIAL BY JURY OF ANY CLAIM EITHER MAY HAVE AGAINST EACH OTHER.

**Severability.** Should any term or provision, or portion thereof, be declared void or unenforceable it shall be severed and the remainder of this agreement shall be enforceable.

**Exclusive Agreement.** It is further agreed and understood that any agreement contrary to the foregoing must be entered into, in writing, by the General Manager of the Dealership. No supervisor or representative of the Dealership, other than the General Manager of the Dealership, has any authority to enter into any agreement contrary to the foregoing arbitration provisions. Oral representations made before or after Employee is hired do not alter this agreement.

**Entire Agreement.** This is the entire agreement between the Dealership and Employee regarding dispute resolution and this agreement supersedes any and all prior agreements regarding this issue.

MY SIGNATURE BELOW ATTESTS TO THE FACT THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS.

Signed at ___Frisco___, Texas, this __30th__ day of ___May___, 20__02__

___Nancy Franklin___
Employee's Signature

___Bankston Ford of Frisco___
Dealership Name

___Nancy Franklin___
Print Name (Employee)

___Julia Parr___
By General Manager